The next case on this morning's docket is 5140380, Sturgill, etc. v. Santander Consumer USA, Inc. Ms. Murphy or Mr. Dahlin? I have a burn on this one. Hmm, they have you mixed up on the sheet. Well, I don't. Trust me. Well, okay. I'll be up here. Okay. We've known each other for a time. I see. Okay, Mr. Dahlin, you may proceed. Thank you, Your Honor. May it please the Court, Counsel, my name is Michael Dahlin. I represent Santander in this appeal. The defendant's appellant. As the Court's aware, this is Rule 307 in the locutory appeal from the trial court's denial of a motion to compel arbitration. An issue on appeal today is simply whether the Court erred in denying the motion to arbitrate in light of the provision in the contract that says it should be arbitrated. The key facts in this case, briefly, as a way of background for addressing some of the issues I want to address today are as follows. In May 2006, Mr. Sturgill purchased a pickup truck from Tri Ford and entered into an installment contract for that vehicle. That was immediately sold or assigned to Triad Financial. Three years later, Triad Financial entered into an agreement with Mr. Sturgill for the modification and extension of the agreement. They extended his payments. He agreed to arbitration and they signed the agreement accordingly. In September, a couple months later, a few months later, in September of 2009, Sandander acquired Triad Financial. They acquired all their assets, including thousands of motor vehicle sales contracts, and the plaintiff being one of them. Fast forward to 2013, the plaintiff brings a cause of action which brings us to this court today, stating that under the Motor Vehicle Code, Sandander violated by not releasing the title to the automobile within 21 days after fulfillment of the contract. And that's a dispute. The plaintiff bases the position that the contract was fulfilled based upon a vehicle payoff confirmation letter or I should say settled in full letter, allegedly from Sandander, which was never signed. But we'll get into that a little bit later, but that's basically the background. We then filed a motion to compel arbitration, saying the assignment shows that this should be arbitrated. The court denied it and as a result, an appeal was taken. Mr. Dollin, in your exhibits, you have attached the arbitration agreement. As Exhibit C. I believe so, Your Honor. I'm showing it to you. Would you take a look at it? Yeah. Is this the size of the agreement that was offered to Mr. Sturgill? Yes. Because can you read it? Yeah, that's a good point, Your Honor. It's extremely difficult to read. The trial court had the same issue. What we did is we provided excerpts in the materials in our pleadings. Did you do that for Mr. Sturgill when he read the agreement? Judge, that's not the identical contract that he signed. What that is is microfiche. That's a microfiche. That's stored years later. So that's not the contract that he signed. He didn't have an eligible in need of magnifying glass. So we don't know what he signed? We don't know. We know that he signed that. We know that he signed that. What you're saying, if you're asking, we don't know if he signed the microfiche version where it's hard to read or if he signed a clearer version. We know he signed a clearer version. We don't keep a paper trail of that stuff. And that wasn't presented to the court at this juncture as far as what he signed. Okay. And so how is a court well, let me ask you this. Do you agree with the principle that the United States Supreme Court has held under Prima Pink as well as Green Tree Financial that the arbitrator construes the contract as a whole? Yes. The arbitrator not only in both in Illinois law and in federal law, the arbitrator particularly in this case is going to construe  And what is subject to arbitration? Whether the contract is subject to arbitration. Okay. So the scope of the contract is up to the arbitrator both under Illinois and federal law under the FAA. Correct. Is it your position though that you bargained your client bargained for something else? Our position is simply that the bargain what was bargained for not only the financial obligation of the contract but also we bargained for the fact that there would be arbitration of these issues and what issues are they? You're painting a very broad brush. I want to go very narrow. Sure. The FAA clearly defines that and I think it's black letter law now you may disagree with me and if you do that's fine, please tell me that it is up to the arbitrator to determine whether the contract as a whole is enforceable. Correct? I believe that's correct, Your Honor. And it's up to a court to determine whether the arbitration clause is a valid and enforceable arbitration clause. That's really part ways, Your Honor. I don't believe that's the case. You don't believe that's the law? No. I do not. What case do you cite for that? I'll cite your case, Your Honor. The Hollingshead case, H-O-L-L-I-N-G-S-H-E-A-D 2009 decision from this court. Basically the court said in that case when we have an arbitration provision it's up to the court to determine whether or not that arbitration provision applies. That's a judicial determination. I think that's what you're saying. That's what I said. What this court said, Your Honor, was except, there's an exception and the exception is where it clearly provides that the arbitrators decide whether the contract's to be arbitrated in the first instance, then it's up to the arbitrator. That's the contract as a whole. That's the contract as the arbitration provision. That's also black letter law. It's not an exception, is it? It is an exception in the sense that if you're looking at whether or not something has to be arbitrated, if you're looking at just that narrow issue as to whether something has to be arbitrated, the arbitrator gets to determine that under the Hollingshead case and then the federal law. I think we cited the federal case, the Hare case that says they decide. Now, that's the arbitration. Does this matter? If you keep using it, what is it? They decide it. They decide whether or not the preliminary threshold question in this case, Your Honor, is simply this. Does this case have to be arbitrated? And if it's arbitrated, what does the arbitrator do then? Then we go to your call. Once the court properly determines that this is subject to arbitration, the arbitrator then determines is that contract enforceable? Are all the provisions proper or not? That's an arbitrator's call. So I look at it as two steps, Your Honor. Me too. And I want to make sure we're on the same page. Sure. Because I think that your brief is talking about something else that I'm trying to straighten out. So what I'm asking is you agree that the arbitrator gets to decide the scope of the contract. Is it an enforceable contract? Was it bargained for? Those kinds of things. Yes. Was it? Under the Buckeye decision, Your Honor, the Buckeye... Buckeye check cashing. Yeah, check cashing. That's where the Supreme Court hit that head on and it said the enforceability of a contract is going to be determined by the arbitrator. The arbitrator. Right. But that's the contract. Now let's talk about the arbitration clause. Right. That's determined by a court. And that's because the FAA talks about what the arbitration clauses are subject to, certain defenses. Correct? Or not correct? No, you're correct on they're subject to certain defenses, but the decision as to whether that determination is going to be made is made by the arbitrator initially. The arbitrator, so your position is that the arbitrator gets to decide what is going to be arbitrated under the arbitration clause. That's your position? Yes. Okay. You'll have to cite me a case for that. You have one? Your Honor, we cited the cases in our brief and I thought that covered it, but simply stated in the broader picture, the arbitrator is the individual who's going to determine if there's going to be arbitration to begin with. Then once there is going to be arbitration, then you go to the next step is what's enforceable, what's not. Well, what is there left for the court to do under your scenario? Under my scenario, if it depends on the contract, under my scenario, under this case scenario, if the arbitration provision is clear and it says that the arbitrator has to determine the claim, which includes whether or not it should be arbitrated, the arbitrator decides that. Again, Your Honor, that's similar to the American Arbitration Association, which is incorporated in this contract. Who determines it? The initial determination, etc. That's all done by the arbitrator. The National Arbitration Forum rules incorporate in this contract. The arbitrator makes that determination. Now, what does the court do? The court has an option. It depends on the contract. If the contract is, they don't say anything about it. If it's unclear as who's going to determine whether or not arbitration is even applicable in this case, if it's a judicial determination or an arbitration determination, an arbitrator's determination, that depends on the wording. And that's where we get back to the general proposition that was set forth in the Hollingsworth case in this court in 2009. The court said, yeah, it's a general proposition. The court makes that decision. That's a judicial determination except where it's clear that the parties agree otherwise. So that's about it. But in this particular case, you want the arbitrator, or at least one of the arguments you've made, is that the arbitrator is supposed to decide whether this particular arbitration clause is going to apply to this vehicle. Correct. Under the arbitration clause. Right. So what does the court get to decide if there's defense to that? The court doesn't, it's going to be, the court decides whether or not it's going to be arbitrary or not. If the arbitrator says there is, it does apply, then the ramifications or the cause of action of the appellate rights are under the Federal Arbitration Act and not the judicial provisions. If you're asking, does the court sit on the sidelines and doesn't get to determine anything, I would say in that particular situation, no, that's going to be a determination by the arbitrator, Your Honor. The court's not going to make a determination of, well, there's a defense or there isn't. That whole legal theory, that goes to the arbitrator, not the court. What does the court decide? Not to be blunt, but maybe I am, the court has to make that initial determination as to, they know, you review it, as a matter of law, is this an enforceable contract? Did the parties under the Hollings Hole case that we came down with in the Fifth District, is that something that has to be arbitrated? That's as simple as you can get, Your Honor. So you think the court decides whether the contract itself should be arbitrated? No, no, no, no. The decision that the court has to make as a gatekeeper initially on, when you file a motion to compel arbitration, is to determine is this something that has to be determined by the arbitrator or is this something I can use my discretion and determine it as a matter of law, whether or not this arbitration provision applies, whether or not the contract void and therefore the arbitration provision may not apply. That's the initial determination the court has to make. What guides that court in making that determination? What guides that court in making that determination is provision of the contract, the installment contract. So if the court cannot read the arbitration clause, can't read a word of it, how is the court going to decide whether that arbitration clause prevails? Well, yeah, I understand your concern, Your Honor. The arbitration clause as set forth in the briefs and set forth in the pleadings, for want of a better term, was retyped and set forth in the proper wording. That's not an issue. The plaintiff has never said, geez, the representation that you're making regarding this contract is bogus and is wrong. I understand the court's frustration on reading microfiche. I can represent to the court that the plaintiff did not sign that microfiche copy but signed an illegible, a legible copy. The words illegible copy, I don't believe we have it. We have it on microfiche for storing it because there's hundreds of thousands of documents, installment contracts. There is no warehouse. And I'm aware, Your Honor, I may be wrong. There's no warehouse that contains all this paper. So if you're saying he signed something, he couldn't read it, then my response to that is one is don't sign it if you can't read it. But two is realistically, what is attached as an exhibit is simply a reproduction of an original document. I would imagine although it wasn't introduced and hasn't been presented by the plaintiff and it's not in the record on appeal, I would imagine that plaintiff would have a copy of that document. Thirteen years old. My dilemma though is not what's what you claim needs to be arbitrated but the exclusions. How are we to know what is excluded from arbitration? You have exclusions in here. How are we to know that? We can't read it. One is you can know it by reading it. Two is that determination is going to be made by the arbitrator. Even though, okay, so you're saying the exclusion will be made, the meaning of the exclusion will be made by the arbitrator. Yes. So it's not a part of the arbitration clause? No, the arbitration clause says the entire contract under case law, the entire contract is subject to arbitration. The arbitrator makes that determination. What if you have fraud in the inducement of the contract? Who makes that decision as to whether the contract is arbitrated? I would say the arbitrator is going to make that determination, Your Honor. I think the arbitrator There's nothing that I'm aware of in case law and statutory provisions under the FAA or state law that says the arbitrator cannot make that determination. So, for example, following up on your example, if somebody comes in, the plaintiff comes in and says, that's a foreign signature. That's not mine. I'm not All these issues have not been raised by the plaintiff, by the way. But I think the arbitrator has a right to make that decision as the trier of fact in a particular case and not the court. So, I guess in a nutshell, you're asking what involvement does the judge have in this whole matter? Why is the court even here? And the determination that the court has to make is whether or not this is for the arbitrator to decide. I guess, Your Honor, what I'm suggesting is like this. If there's an appeal that's taken to the jury, and the appeal is filed late. Let's say it's not filed in 30 days. There's no jurisdiction. Let's say it's not filed a late notice of appeal and the 303E is not filed. So, 70 days later, you file a notice of appeal. You have no jurisdiction. You make the determination that you don't have any jurisdiction, but you're exercising that determination. You're making the determination that you can't decide the case if you have no jurisdiction. By analogy, what I am suggesting, Your Honor, when it comes to a court determination in matters like this is the court makes a determination, looking at the contract, applying the Hollingshead case, applying the Buckeye-Chutkass case to determine, do I have, quote, jurisdiction? Similar by analogy. Do I have the authority to decide? He has the authority to make that determination. I either decide it or I don't. If the parties clearly say the opportunity has been decided, I'm done. And what's interesting, Your Honor, is the Hare case, the federal court here made a succinct comment. We cite the Hare case. It's a D.C. federal court case dealing with the same issue. It made a succinct comment, which is right on point. It said, once a trial court makes a determination that the parties should agree that the decision as to whether or not it has to be arbitrated goes to the arbitrator, no further inquiry is needed by the trial court. So in a nutshell, if you're asking what does a court do in this case, Your Honor, I think in this particular case, a court has to make that determination as to whether or not the parties have agreed to arbitrate. And if it's clear that they have, then it goes to arbitration. That element is a judicial function. Somebody's got to make that determination. That's why we filed the motion. Now, you tell us, Your Honor, does this go to arbitration, or do you decide? And as a gatekeeper, there are cases that say, sure. In certain cases, we could sit here all day and discuss cases that say, it's a judicial determination, and it isn't a judicial determination. What's that focus on? It focuses on the court of the defendant. Does that answer your question, Your Honor? I'm not sure. I'm not sure either. If it doesn't, we'll be glad to supplement the argument. That's fine. My concern, though, is that if you assume hypothetically that the arbitrator does not decide the validity of the arbitration clause, can you assume that hypothetically? I will assume that hypothetically, Your Honor. Okay. Then... Go ahead. Then, if the parties bargain to allow the arbitrator to decide the issue, does that bargain have to be between the parties in privity? In other words, did it have to be between Santander and Sturgill because you're changing the law? No, you're not changing the law. I asked you to assume that the law exists in a certain way. Oh, well, if you're making that assumption... Judge, I'm sorry, give me the... So, if you assume that the arbitrator does not get to decide the enforceability of the arbitration clause, the court gets to decide that. The court decides the enforceability of the arbitration clause. But you want... Santander wants the arbitrator to do that. Not Santander. Both parties agree to it. But, okay, assuming the court... There's nothing that says the arbitrator will decide. Assuming hypothetically, as you say, Your Honor, there's nothing there in the court as a matter of law or a matter of contract. The court gets to determine whether or not it's going to be arbitrated. My response to that is, knock yourself up. You get to determine as a court. Does it require consideration? Does it require a separate contract with privity? In other words, can you just buy it up and say, hey, you decided with them it's going to be this? Oh, sure. So, you decided with us it's going to be this. I fully understand your point, Your Honor. That's a different issue. You're talking about signability. If there's a hypothetical, let's take it down to this particular case. The plaintiff argues, wait a second. This contract, this agreement between Triad Financial and me, dealing with who determines arbitration and whether or not it's arbitrated, was a contract between us. It wasn't between this new outfit, Santander. I think that's what you're getting at. The point is, the case law is clear. It's assignable. Even the 4th District and 1st District. The 4th District in Willisville said, yeah, it involved a construction contract as opposed to a motor vehicle decision. But the court said, yeah, you can sign it. You can sign it. You don't need separate consideration on the assignment. I don't think that argument is going to hold water as far as well. We got a contract with Triad Financial. What's ironic in this whole situation, Your Honor, is guess what? After Santander gets the assignment, they purchase all the assets. It's in the record. Plaintiff never contends, well, that's a bogus case. There's no evidence to the contrary. But after we get it, who are payments made to? Santander. I understand. Thank you very much. Thank you, Your Honor. And we will allow some additional time for you as well. So, Madam Clerk, if you'll give her some additional time. I apologize. That's completely fine, Your Honor. Good morning. My name is Sherry Murphy. Obviously, I represent the Plaintiff in this. I'm Amy Franklin Sturgill. I work for the New Haven Council. Just a little bit more on the factual background here, Your Honor. Council had already described, you know, this was an ordinary man off the street. He purchased a car. The loan agreement was contemporary, and he said that the original loan agreement assigned him to try it financial. He made payments to try it financial. At some point, he fell behind and began to struggle. He was just like an ordinary guy off the street. He went into, I'm sorry, to try it financial, and they made another agreement. They said, well, we'll forego, you know, repossessing the vehicle and exercising our remedies under the original loan agreement, now that you've fallen behind, if you go ahead and sign this modification and extensions agreement, which contains this arbitration provision. At some point later in the same year, try it financial was bought out by Santander. Fast forward to June of last year, June of 2013. They fall behind in the payments again. Santander says to the Plaintiff, hey, you know what? We're going to go ahead and waive the rest of this loan. We feel real bad about all this. We're going to waive this settled and full. Sends him a letter out titled Settle and Full. Defense has made some comments about that not being signed, and it even implied sort of that the Plaintiff created this letter. I don't know what your honors think about that, but I don't think much of that argument myself. The Plaintiff in this case, he couldn't have made this letter up if he wanted to. Also, the Settle and Full letter was followed by an email that said they were going to mail the title out. Well, they didn't mail the title out, and when two months had passed, Santander issued a repo order for the car, and the car had been repossessed and still being owned by Santander to the best of Plaintiff's knowledge. Two days after the car was repossessed, we filed this lawsuit saying that, hey, you should have given us the title. This was all settled and full, and this whole argument has begun. Santander now claims the loan was never satisfied. They say that they don't have an internal record of this letter ever being sent. It has the court to compel us into arbitration of the whole dispute, whether this was ever paid, satisfied, and whether an event happened that triggered them to release the title on the vehicle. Your Honor, I had a lot of questions for defense counsel, I apologize, appellant's counsel for the gatekeeping function. I would phrase the issues a little bit differently than he did as far as to what the arbitrator versus the court needs to decide, and I think the trial court agreed with me on those. I think that the two questions in the trial court were what exactly did what was transferred to Santander when Triad sold the company to Santander? I would argue that only the rights under the original contract. I mean, that was all Triad had to give Santander, and there's an arbitration provision specifically in one part of the contract that doesn't say anything about it being assigned over to anybody else, and in a different part of the contract, they agreed that that particular provision was going to be assigned over possibly to any successors or heirs of Triad, excuse me. Triad didn't have the right to compel arbitration. Let me think how to phrase this, Your Honor. Triad never had the right, didn't ever assign, was never able to assign the right to compel anybody into arbitration. It wasn't part of that original contract, the modification extensions agreement. The only part of that contract that talks about assigning any rights to compel arbitration over, I'm sorry, I'm mixing this all up. I apologize. I'm trying to get it right. Yes, Your Honor. Let me ask you a question while you're gathering your thoughts. Yes, Your Honor. The appellant makes the claim that the court really doesn't get to decide much here. The question is whether well, it says, let me read it. It says, where the parties clearly and unmistakably provide otherwise, the courts will be divested of their authority, and an arbitrator will decide in the first instance whether a dispute is arbitrable. Now, the courts, at least as I read the law, divide this into two sections. One is the contract, and one is the arbitration clause. And the courts are not divested of their authority under the FAA because there are certain defenses that can be raised, and those defenses, I think, under the FAA deal with contract defenses. So my question to you is if the arbitration clause is ambiguous, who's going to decide whether to admit additional evidence to explain the ambiguity? Whether the court would allow extrinsic evidence? Who is going to do that? Or who's going to make the decision? I'm sorry? Who's going to make the decision? Yes, if we determine that this clause, this arbitration clause, is ambiguous in how it's written, who determines whether the clause, the arbitration clause, not the contract, the arbitration clause, is going to be enforced? Well, Your Honor, I would say that would be an issue for the court to decide. I agree. And so if you have ambiguity, then the court is going to decide whether your client had certain extra facts, for example. You're wanting us to look at facts which are beyond our reach, like these letters. These are not really before the court. This is a motion to stay as I understand it, correct? Yes. So really, those issues are not before us right now. The only thing that the appellant is asking is we've got to stay this because this is all arbitral. Right? Am I wrong about that? You haven't filed for summary judgment or anything like that yet. Well, actually, there's a pending motion for summary judgment in the trial court, Your Honor. Is there a hearing tomorrow? No, we've agreed to continue that into a further date. Tomorrow, the only thing that is set before Judge Gleeson is the defendant's motion to stay the trial court proceedings pending the outcome of this appeal. So the appeal will be decided before any stay occurs? No. We've decided to do some oral and written discovery before we have another setting for the motion for summary judgment. Oh. Because we were told it was an emergency motion to stay. I'm just wondering what was the emergency? Yes, I'm not real sure, Your Honor. My motion for summary judgment has been on file since January. Okay. That's just an aside. I was curious. Yes, Your Honor. Okay. I'm sorry I interrupted you. Did you have some more thoughts you wanted to give us? Well, you know, if Your Honor doesn't believe that the letter or the email or any of these are the facts heard properly before the court, I'm not sure what, and we clearly decided the arbitration provision itself is a matter for a court to decide whether it's ambiguous or I'm not sure what else I have to say on the matter, Your Honor. Well, the real concern that I think I'm having at least is the arbitration clause itself is broken into many paragraphs. Yes, Your Honor. That much I could read without a flashlight. Yes, Your Honor. I needed a big magnifying glass. But anyway, that could be a function of my age. But it's many places, place of arbitration, class actions, costs, other important something or others. So I'm just wondering, I mean, who's going to interpret all of this? I would say that this is a matter for the court to decide, Your Honor. Like I said, I would have phrased the issues a little bit differently before this court and I'm trying not to address the letters or the e-mails or any of that. I think that this was... What about assignability in Mr. Dollin's argument about that? Well, you know, they didn't bargain for the arbitration provision to be assigned to anybody else. This was an arbitration provision that was specifically between Triad and the plaintiff and one other part of the arbitration, the modification extensions contract. It talks about the rights in this other provision specifically being assignable to any of Triad's successors or heirs but that language isn't in the arbitration provisions. Like you mentioned there are several. That would indicate to me that at least in Triad's mind that wasn't going to be assigned to anybody in the future. They had put it in one part but not the other. Clearly they were thinking about it, at least on some level, that this contract might be sold off to somebody else. St. Tandem I believe isn't able to compel the arbitration because Triad didn't specifically provide for the arbitration provision to be assigned over. They did in a different provision which provided that from the date of the original loan installment, the loan agreement, to the modifications agreement about three years worth of time that the plaintiff, by signing the modifications agreement, they were going to give up the right to sue Triad or any of its successors, officers, shareholders, assigns, anybody else for any claim that came up from the date of the original agreement to the modification extension agreement. I think that was a lot for the plaintiff to give up. So clearly they gave it some thought and they didn't include that same language in the arbitration in any of the paragraphs of it. Do you think that a private company can take a statute from the state of Illinois and change the statute to require arbitration? I mean the statute that's being complained about here doesn't have an arbitration clause. No ma'am. And it's a mandatory self-executing statute. In other words, you pay 21 days later, you get your title. So it's self-executing, you would agree. Yes. Do you have, do you believe that the way this arbitration provision is written that the parties have now a self-executing statute for the state of Illinois and can they do that? I don't know if they can modify a statute in a general sense and I don't know if they've done that here in a specific sense with this arbitration provision. Well, what are they asking you to do? They're asking that, well, this all goes back to the letter, Your Honor, whether or not this loan was ever paid in full and that's triggering the provisions of the statute. But that goes to the self-execution. You didn't give me my letter, you don't deserve your letter, so we're going to have a factual fight. Correct. But the question is, it all revolves around the statute or does it not? I guess I'm not real sure what you mean, Your Honor. The statute is self-executing. If the letter was written and if it was valid and if there was a forgiveness, you get the letter, yes, ma'am. So the question is, can they alter a state statute by adding arbitration? I think I see what you mean, Your Honor. And my answer would be no. Once this agreement was made between the parties that the defendant stated that it was going to waive the remaining balance due on the plaintiff's loan, that was the end of the contract. The end of the arbitration provision that they would no longer apply. That it was fully performed over and done with, and that 22 days later, this plaintiff has a completely different cause of action under a state statute that had nothing whatsoever to do with the contract. I'm not sure why we have such a law in the state of Illinois. It would seem to me that sometimes people have trouble getting titles from big loan companies after they've done everything they're supposed to do on their end.  Just to give them a little kick. Yes, Your Honor. I have no questions. Well, Your Honor, I would ask you to affirm the trial court's ruling. I think it was correct. And as you know, the standard of review is de novo, but this Court has said before that you can affirm a trial court's ruling on a motion to compel arbitration on any basis in the record, and I think the trial court has more than ample evidence in the record for you to affirm it. I asked you to affirm it. I'm pleased it didn't give us much help. No, it didn't. I want to make sure he hears that when I tell him about it. Yeah, he could have given us a little more to go on. But his ruling does also say that after reading the party's memoranda and having heard arguments, I would say that he agreed with each of my points, Your Honor. That's a good argument. Yes, ma'am. Thank you very much. Okay, thank you very much. Mr. Dowling. So, do you think that the private parties can take a state statute that's self-executing and amended? Well, if you're implying that they did in this case, I respectfully disagree with your analysis, Your Honor. Why? We're not modifying anything. What we're saying is you're going to a different forum. What you are saying is the arbitrator is going to decide we're not modifying any statutory cause of action. And while we're on the topic of statutory cause of action, you're saying, geez, the contract is fulfilled. I have 21 days. It's self-executing. I get the title back. Well, guess what? That's for the arbitrator to decide because the contract wasn't fulfilled. First thing counsel says is, well, we got a letter, or we got an e-mail that says that we're going to just waive the remainder of the loan, and you don't have to pay any more money. That's not the case, Your Honor. It's not supported in the record. But you have changed forums. You've admitted that. You have changed the forum. Sure. Oh, yeah. An arbitrator is not a judicial officer. I agree with that. We have changed forums. But is that changing the law? No. That's not changing the law. Judge, you got the consumer fraud you set up to practice it. Okay. I want to bring a cause of action for punitive damages. I don't do it because the consumer fraud you set up to practice it limits that. There are statutes, private causes of action. You have to look at them together. It's not like saying you never have a cause of action under the motor vehicle code. What we're saying is you're moving it. What we're saying is the arbitration agreement says anything dealing with arbitration is determined by an arbitrator. By the way, the arbitrator determines all claims. Which claims did they decide? The contract. That's a dispute. Did they pay? If you look at the settlement, I'll refer the report to pages 162 and 163. This is the settlement full letter and email and it says, the email says this was paid in full as of 6-10-2013 in the amount of 860. Okay, that's how we give everything. It's paid in full because you paid that 860. Guess what? The check bounced. They didn't pay that amount. But those are factual issues that we can't deal with at this point, right? We're only talking about a motion to stay. Well, I agree with that. The plaintiff is setting forth, and unfortunately Judge Gleeson put it in the fines of the fact. The plaintiff is saying, wait a minute. I'm trying to ideate the arbitration provision simply does not apply because the contract's fulfilled and only applies if the contract is in dispute. If it's in dispute, we agree that you arbitrated. Guess what? The contract's in dispute. They agreed to arbitrate. That's not an issue. They agreed to the arbitration. Nowhere is it raised that geez, it's not the arbitrator can't determine that. Did the contract provide that the title would be delivered upon payment in full? Yeah. Did it set a specific time, and was that in correlation with the statute? Do you know? Yes, I believe it was, Your Honor. I believe it was 21, and it ended up being about 24 days from the letter, but I think it was. So that the contract did have a provision that upon payment in full, the title would be delivered and it was in correlation with the statute, you believe? I believe, yes. Judge, and I apologize, I don't have the settlement in full letter and email specific warning coming to mind, but I believe that it did provide that upon payment, you will you know, you get your title. So that was there. And nobody's contesting that. If it was paid, that would be fine. Well, as I understood one of the appellee's argument was that the contract was done, that all the terms had been fulfilled, but in fact it was not done because the title had not been delivered upon payment, and there was a dispute of whether or not the payment was made or not. I agree with the second part, not the first part. That is, Your Honor. I agree there is a dispute as to whether the contract was fulfilled, and that had nothing to do with delivering the title. It had to do with whether or not he made the payment of 860 according to the email. The email itself said it's paid in full as of 6-10 in the amount of 860-03. Pay off amount 860-03. Pay off 860-10. So that's the dispute as to whether or not the contract was fulfilled. Did you get the final payment? Even though it may have been less than it was owed, you still had the final payment that you did. Before I forget, Your Honor,  we would be glad to give a verbatim word-for-word translation of the microphone if that would help the Court. Hold on with that thought, because you actually read my mind. Yes. I was considering... Well, we have to make sure that the plaintiff has had the opportunity to sign off on that as well. So how long do you think that would take you to work together to get us a readable copy? I'm talking about... Yes. I'm talking about... What is 76... in my briefs. The one that I need a flashlight for. And a magnifying glass. And a big one. We'll do a joint motion to supplement... We'll order that you supplement your brief with a verbatim copy of the modification that has been signed off and approved by Plaintiff's Counsel, so that you don't have to file a motion, Mr. Dahlen. You can just submit it. An order will issue accordingly, allowing you to do that within 14 days. Oh, so you're going to issue an order and give me 14 days to do it? Yes. If that works for the plaintiff. That'll be perfect. I just want to make sure that whatever is sent into the hearing is acknowledged as accurate by the appellate. Oh, I agree. The good news is this, Your Honor. Just one final word. You talked about as an ambiguous that the court have to determine it's ambiguous. There was no question about the provision whether or not it submitted in the first instance to the arbitrator. That, there's never been an issue with the court or anybody else, trial court or counsel, that they have to submit it. I agree. The rest of the wording is hard to read, but that preliminary issue, I don't think is ambiguous. Well, we shall take a look. Thank you for your time. Unfortunately, your time is up. So I can't give you anymore, but I thank you very much. The court will be in recess. We will take this matter under advisement and issue a disposition in due course.